IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joann Butler, | CIVIL ACTION No.: 2:19-cv-1757-MBS |
| Plaintiff; | |
| vs. | COMPLAINT<br>JURY TRIAL REQUESTED |
| City of Goose Creek; Goose Creek Police Department; Mayor Gregory Habib, Individually and in his official capacity; Chief Harvey Becker, Individually and in his official Capacity as Chief of Goose Creek Police Department; Officer Dariusz Ambroziak, Individually and in his official capacity as an officer for Goose Creek Police Department; Berkeley County, | |
| Defendants. | |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

**IDENTITY OF PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff, Joann Butler, is a citizen and resident of Dorchester County, South Carolina.

2. Defendant City of Goose Creek is a municipality within the State of South Carolina and owns, operates, manages, directs, and controls the Goose Creek Police Department, which employs or employed Police Chief Harvey Becker and Department Officer Dariusz Ambroziak.

3. Defendant City of Goose Creek Police Department, upon information and belief, is a municipal corporation organized under the laws of the State of South Carolina.

4. Defendant Gregory Habib, upon information and belief, is the Mayor of the City of Goose Creek, a municipal corporation organized under the laws of the State of South Carolina and is a citizen and resident of Berkeley County.

5. Defendant Chief Harvey Becker (hereinafter "Defendant Becker"), upon information and belief, at the time of this incident was the Chief of Police of the Goose Creek Police Department, and an officer acting under color of state law. Defendant Becker is being sued both in his individual capacity and his official capacity. Defendant Becker, at all times relevant hereto, was

acting within the course and scope of his employment as the Chief of Police of the Goose Creek Police Department. Upon information and belief, Defendant Becker is citizen and resident of Berkeley County.

6. Defendant Department Officer Dariusz Ambroziak (hereinafter "Defendant Ambroziak"), upon information and belief, is an officer with the Goose Creek Police Department, and an officer acting under the color of state law. Defendant Ambroziak is being sued in his individual capacity and his official capacity. Defendant Ambroziak, at all times relevant hereto, was acting within the course and scope of his employment as an officer with the Goose Creek Police Department. Upon information and belief, Defendant Ambroziak is citizen and resident of Berkeley County.

7. Defendant Berkeley County, upon information and belief, is a municipal corporation organized under the laws of the State of South Carolina.

8. The parties, matters, and all things hereinafter alleged are within the jurisdiction of this Court. Jurisdiction is based upon 28 U.S.C. §1331; §1343 (1), (3), and (4); and 42 U.S.C. §1983. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

9. This action is brought pursuant to 42 U.S.C. §1983; pursuant to the South Carolina Code of Laws §15-78-10, §15-78-20, and §15-78-40; the entire South Carolina Tort Claims Act; and any and all other applicable statutory and common law of South Carolina.

10. All of the claims herein arose within this district and involve Defendants within this district. Venue is invoked pursuant to 28 U.S.C. §1391 (b) and (c).

11. The Defendants are independently and vicariously liable for the acts of their agents described herein and which may be revealed through discovery in this action.

12. The acts and/or omissions giving rise to this action occurred in Berkeley County, South Carolina, and the collision that gives rise to this action occurred in Berkeley County. Jurisdiction over the parties and subject matter of this action is proper in the Charleston Division of the United States District Court for the District of South Carolina.

## FACTS

13. Prior to June 21, 2017, the Defendants implemented a number of policies designed to safeguard the public.

14. Those policies should have been in conjunction with nationally recognized guidelines wherein minor criminal offenses did not take precedence over the risking of lives of bystanders who were not involved in the commission of crimes.

15. Prior to June 21, 2017, the Defendants were grossly negligent in the hiring and training of officers whose responsibility it was to carry out those guidelines and policies.

16. On the morning of June 21, 2017, Defendant Ambroziak observed a Nissan traveling at a high rate of speed on U.S. Hwy 176 westbound near Cobblestone Apartments.

17. Prior to the police pursuit, the Nissan driver's identity was unknown. The driver was later identified as Antonio Jamar Miller, Jr.

18. Beginning at approximately 11:16 AM on June 21, 2017, Defendant Ambroziak witnessed Miller traveling at an excessive rate of speed, turned his marked Goose Creek Police Department vehicle around and began to follow Miller.

19. Defendant Ambroziak observed Miller's vehicle make a left turn onto Cobblestone Village Drive and into Cobblestone Apartments.

20. Defendant Ambroziak turned left onto Cobblestone Village Drive and into Cobblestone Apartments, following Miller.

21. Miller headed out of the Cobblestone Apartment Complex towards Cobblestone Village Drive. Officer Ambroziak observed another vehicle exiting the apartment complex and initiated his blue lights in order to stay behind Miller.

22. Defendant Ambroziak observed Miller disregard a stop sign and turn back onto Cobblestone Village Drive towards U.S. Hwy 176, a heavily traveled main thoroughfare.

23. At no time did Defendant Ambroziak activate his sirens.

24. During the chase, Defendant Ambroziak traveled eastbound on U.S. Hwy 176, reaching speeds up to 99 MPH, toward the intersection of Myers Road, with only blue lights activated.

25. Miller continued traveling at excessive speeds down U.S. Hwy 176, toward Myers Road.

26. Officer Ambroziak continued to chase Miller at excessive speeds down U.S. Hwy 176, toward Myers Road.

27. At approximately 11:18 a.m. the Plaintiff, Joann Butler, who had been operating her 2012 White GMC on Myers Road and was headed toward the intersection of U.S. Hwy 176, was stopped at the stop sign on Myers Road and would have proceeded to make a left turn onto U.S. Hwy 176.

3

28. However, as Defendant Ambroziak chased Miller on from U.S. Hwy 176 to the Myers Road intersection, he caused the collision which resulted in the injury of the Plaintiff, Joann Butler.

29. Despite the fact that Miller had been traveling at high speeds, disregarding stop signs and made numerous attempts to evade police presence, Defendant Ambroziak continued to chase Miller into the intersection of U.S. Hwy 176 and Myers Road.

30. The fact that U.S. Hwy 176 is a major thoroughfare and heavily traveled was well known to Defendant Ambroziak.

31. A speed of 99 MPH far exceeds the posted speed limit and thus, Defendant Ambroziak operated his vehicle his vehicle in a negligent, grossly negligent, and reckless manner under the prevailing circumstances.

32. As a direct and proximate result of the acts and/or omissions of the Defendants, Joann M. Butler endured serious physical and mental injuries, including conscious pain and suffering.

33. At the time the above-referenced pursuit took place, the Defendants failed to follow proper police protocol when it comes to police pursuit and the use of emergency lights, sirens, and excessive speeds, all resulting in the injury of the Plaintiff, Joann Butler.

34. At all relevant times relevant, all Defendants were acting in consort and as agents of each other and their actions deprived Joann Butler of rights guaranteed by the Federal Law, State Laws, and the Constitution.

35. The negligent actions of each of the Defendants were undertaken with reckless disregard for the life and safety of Joann Butler and with deliberate indifference to her rights.

36. The negligent actions of each of the Defendants were undertaken deliberately, recklessly, and with knowledge that there was a high degree of probability of harm and with reckless indifference to the consequence, which was likely and did occur to Joann Butler.

37. The negligent actions of each of the Defendants were undertaken deliberately and with the knowledge that they were violating all standard police pursuit procedures and policies in effect at that time.

38. In the alternative, the policies on police pursuits as set out by the Goose Creek Police Department were designed in such a way and implemented in such a way, that they denied the public and Joann Butler of their civil rights.

39. Each Defendant acted negligently, recklessly, and with deliberate indifference in unnecessarily and unreasonably creating the dangerous situation which led to the Plaintiff's vehicle to be struck by the pursued motor vehicle.

40. Each Defendant created a policy or custom of deliberate indifference, negligence, recklessness in the training, hiring, and supervision of personnel, including investigators/agents/officers, who would engage in improper, illegal and unnecessary police pursuits.

41. Each Defendant created a policy or custom of deliberate indifference, negligence, and recklessness in the training, hiring, and supervision of personnel in the enforcement of the use of police pursuit provisions, policies, and guidelines.

42. Each Defendant created a policy or custom of deliberate indifference, negligence, and recklessness in the training, hiring, and supervision of personnel, including officers and investigators, in the proper procedure for initiating and continuing in a police pursuit.

43. The acts and/or omissions of all Defendants, through their duly authorized agents, servants, workers, employees and/or representatives, were committed negligently, recklessly, carelessly, wantonly, maliciously, falsely, unlawfully, and unconstitutionally, and constituted conduct so egregious as to shock the conscience and all sense of decency.

44. The acts and/or omissions of all Defendants, through their duly authorized agents, servants, workers, employees and/or representatives, were committed without regard and with wanton and reckless disregard to the health, safety, and welfare of Joann Butler.

45. Defendants, through their duly authorized agents, servants, worker, employees and/or representatives, knew or should have known that they were violating the constitutional rights of Joann Butler, including her right to freedom from: state created danger, deliberate indifference to her safety; and violations of her right to life secured to Joann Butler by the provisions of the Constitution, including of the Fourteenth Amendment of the Constitution of the United States and by 42 U.S.C. §1983.

46. As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal and unconstitutional acts and omissions of the Defendants, by and through their duly authorized agent, servants, workers, employees and/or representatives, Joann Butler was caused to suffer serious injuries.

47. As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the Defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, Joann Butler was required to expend large sums of money for hospital and other medical expenses.

48. As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the Defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, Joann Butler was forced to endure pain, suffering and loss of life's pleasures.

49. As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the Defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, Joann Butler was deprived of precious rights, privileges and immunities, including the enjoyment of life's pleasures, secured unto her by the Constitution of the United States and the Constitution of the State of South Carolina.

50. As a direct result of said acts of each Defendant, Joann Butler has suffered the following injuries and damages:

   a. Violation of her constitutional rights under The Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from deliberate indifference to her safety, and the right to be free from state created danger;

   b. Physical pain and suffering and emotional trauma and suffering;

   c. Medical expenses; and

   d. Other losses to be set out at trial.

51. The negligent actions of each of the Defendants violated the following clearly established and well settled federal constitutional rights of Joann Butler:

   a.   Right to be free from deliberate indifference to her safety; and

   b.   Right to be free from state created danger.

52. The Plaintiff alleges that the individual Defendants, in the course and scope of their employment with Defendants City of Goose Creek, Goose Creek Police Department and Berkeley County, as agents/officers/employees of Defendants City of Goose Creek, Goose Creek Police Department and Berkeley County, failed to have an adequate policy in place governing police pursuits; failed to properly train its officers in the conduct of such pursuits; and failed to properly supervise its officers during such pursuits.

53. Defendants established, recognized, accepted policies, procedures, customs, and/or practices of the Goose Creek Police Department, which included, at relevant times, the condoning and/or acquiescing to the violation of constitutional rights of citizens, including but not limited to, a policy, procedure, custom or practice of the improper use of police pursuits, and otherwise deprived Joann Butler of her rights in violation of federal statutes, 42 U.S.C. §1983 and 42 U.S.C. §1985.

54. As set forth herein, the Plaintiff has brought separate claims against the individual Defendants and a Monell claim, identified herein, against Defendants City of Goose Creek, Goose Creek Police Department and Berkeley County, for deliberate indifference to serious

safety needs, state created danger, violations of the South Carolina State Constitution and violations of Joann Butler's rights, due to their failure to train and supervise the individual Defendants; and claims brought pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

55. Plaintiff seeks remedies pursuant to federal statutes 42 U.S.C. §1983, §1988, and §1985 for violating her rights to be free from deliberate indifference to her safety and right to be free from state created danger and by rights provided by the United States Constitution and South Carolina Constitution under Article 1. Plaintiff also seeks civil damages pursuant to common law for claims pendent to this matter for state law sounding in negligence and gross negligence.

56. At all times herein, the said acts and omissions of each Defendant were representative of the Defendants' policies and procedures or lack thereof, or due to the lack of enforcement of such policies and procedures, if such were in place.

57. At all times herein, each Defendant was negligent and grossly negligent in the performance of their respective duties.

58. The Defendants are responsible for the acts and omissions herein described and as further developed through discovery in this case, and are liable to Plaintiff for the same. Furthermore, the acts and/or omissions by the Defendants described herein constitute multiple occurrences.

59. The Plaintiff is entitled to judgment against Defendants in a reasonable amount to be determined by a jury for damages including, but not limited to direct, consequential and incidental damages for mental anguish, medical expenses and for any other relief the Court may deem just and proper.

### FOR A FIRST CAUSE OF ACTION - VIOLATION CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983 AS TO MAYOR GREGORY HABIB AND CHIEF HARVEY BECKER

60. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-59.

61. The Plaintiff, at the time of the violations alleged herein, clearly established rights under the United States Constitution and the South Carolina Constitution which state that "the right of the people to be secure in their persons, ... papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and that no state shall "deprive any person of life, liberty, or property without due process of law" (*id.* at amend. XIV).

62. Defendants Habib, Becker and Ambroziak, acting in their individual and official capacities, made final decisions that were undertaken with malice, or in reckless, callous, or with willful disregard for and indifference to Plaintiff's Fourth and Fourteenth Amendment rights.

7

The Defendants failed to properly carry out the adopted policies and procedures of the Goose Creek Police Department and the City of Goose Creek. Such policies and procedures were deficient and failed to perfect protection for individual rights. Deprivation of civil rights is a constitutional violation of the Plaintiff's rights.

63. The Defendants acted with reckless or callous indifference to state and federally protected rights of the Plaintiff.

64. Defendant Habib and Defendant Becker failed to have an adequate policy in place governing police pursuits for their officers; they failed to properly train their officers in the conduct of such pursuits; and they failed to properly supervise Defendant Ambroziak during the aforementioned pursuit, thereby violating Joann Butler's rights under the laws of the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and her rights under the Constitution and laws of the State of South Carolina. Upon information and belief, Defendant Becker also failed to file an internal affairs investigation into the accident and did consort and conspire with other Goose Creek officers in violation of 42 U.S.C. §1985.

65. Defendants Habib, Becker and Ambroziak negligently and unnecessarily, with deliberate indifference, created a dangerous situation, thereby directly causing the injuries of Joann Butler, which is in violation of her rights under the laws of the Constitution of the United States and her rights under the Constitution and laws of the State of South Carolina.

66. As a direct and proximate result of the aforesaid acts of the Defendants Habib, Becker and Ambroziak, which were committed under color of their authority, Joann Butler suffered grievous bodily harm which is a violation by said Defendants of the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, and was further in violation of the statutes of the State of South Carolina and the Constitution of the United States, all of which makes said Defendants liable to the Plaintiff.

67. The acts committed by the Defendants constitute negligent misconduct, deliberate indifference, and state created danger upon Joann Butler, which cause the previously described injuries to Joann Butler, in violation of her constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute deliberate indifference and state created danger, all in violation of the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983.

### FOR A SECOND CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS MONELL CLAIM TITLE (42 U.S.C. §1983) AS TO DEFENDANTS CITY OF GOOSE CREEK, GOOSE CREEK POLICE DEPARTMENT AND BERKELEY COUNTY

68. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-67.

69. The Plaintiff had, at the time of the violations alleged herein, clearly established rights under the United States Constitution and the South Carolina Constitution which state that "the right of the people to be secure in their persons, ... papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and that no state shall "deprive any person of life, liberty, or property without due process of law" (*id.* at amend. XIV).

70. Defendants City of Goose Creek and Goose Creek Police Department are liable for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights because their failure to have adequate policies, practices, and/or customs in place governing pursuits, their failure to properly train their officers in the conduct of such pursuits and their failure to supervise their officers during such pursuits amounts to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights.

71. Defendants City of Goose Creek, Goose Creek Police Department and Berkeley County have a history of ignoring and not enforcing their policies, procedures, and protocols regarding police pursuit.

72. Defendants City of Goose Creek, Goose Creek Police Department and Berkeley County have a history of negligently abusing their citizens' rights by failing to administer and follow proper procedures and protocols.

73. As such, said Defendants were grossly negligent, deliberately indifferent and reckless with regard to the potential violations of the constitutional rights of citizens, including Joann Butler.

74. Said Defendants' failures were the moving force behind the actions of Defendants Habib, Becker and Ambroziak, as specified above, including, but not limited to: the use of police pursuit unnecessarily and continuing the pursuit after the fleeing subject, Miller, showed a clear disregard to the safety of others by speeding excessively and disregarding multiple stop signs, thereby showing a deliberate indifference which created a dangerous situation; and therefore resulted in the injuries to Joann Butler.

## FOR A THIRD CAUSE OF ACTION - NEGLIGENCE/GROSS NEGLIGENCE
### (SOUTH CAROLINA TORT CLAIMS ACT--§§15-78-10 ET SEQ.)

75. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-74.

76. At all relevant times, each Defendant had a duty to exercise due care in the discharge of their respective capacities.

77. Each Defendant breached their duty of care to Joann Butler by the following negligent, grossly negligent, reckless, wanton and willful misconduct, acts, and omissions:

a. In failing to properly train its employees in police pursuit;

b. In failing to properly supervise its employees during police pursuits;

c. In failing to have proper policies and procedures in place governing police pursuits;

d. In failing to implement and/or follow accepted and appropriate policies and procedures for the operation of department vehicles;

e. In failing to implement and/or follow accepted and appropriate policies and procedures for high speed vehicle pursuits;

f. In instituting a high speed chase without appropriate justification;

g. In continuing a high speed chase without appropriate justification;

h. In failing to terminate the high speed pursuit when it became apparent that the pursuit created an unreasonable risk of harm to Joann Butler, as well as others using the public roadways;

i. In failing to have appropriate guidelines, rules, and regulations governing the pursuit of suspects which would have prevented the high speed pursuit of the suspect under the circumstances then and there existing;

j. In failing to follow appropriate and reasonable procedures for the continuation of the pursuit of a suspect;

k. In failing to act as reasonably prudent agents/officers would have acted in the same or similar circumstances;

l. In failing to clear the intersection;

m. In failing to maintain a lookout for other motorists;

n. In failing to make proper observations for others while using the public roadways during an unreasonable and dangerous police pursuit;

o. In completely failing to perform their duty of care owed to Joann Butler, resulting in unreasonable risk of harm to Joann Butler;

p. In grossly neglecting to perform the duty of care owed to Joann Butler, resulting in unreasonable risk of injury to Joann Butler;

q. In exercising their duty of care and responsibilities owed to Joann Butler in a grossly negligent manner;

r. In the grossly negligent hiring of employees that would not fulfill their duty of care owed to Joann Butler;

s. In the grossly negligent supervising of employees that failed to fulfill their duty of care owed to Joann Butler;

t. In the grossly negligent retention of employees that failed to fulfill their duty of care owed to Joann Butler;

u. In the grossly negligent entrusting of inadequate employees with the obligation and duty of care owed to Joann Butler;

v. In negligently training employees that failed to fulfill their duty of care owed to Joann Butler;

w. In failing to observe the standard of care required by law;

x. In failing to observe the general standards of conduct practiced by other comparable and similar municipal agencies;

y. In creating a risk of harm to Joann Butler;

z. In the absence of care according to the circumstances of this matter;

aa. In exceeding the maximum speed limit, endangering life and property while in the pursuit of a suspected violator of the law, in violation of the Code of Laws of South Carolina, §56-5-760(B)(3), 1976, as amended;

bb. In failing to appropriately use the siren on authorized emergency vehicles, in violation of the Code of Laws of South Carolina, §56-5-4970, 1976, as amended;

cc. In failing to warn other drivers of the approach of the suspected violator of the law's vehicle and the authorized emergency vehicle, in violation of the Code of Laws of South Carolina, §56-5-4970, 1976, as amended;

dd. In failing to consider whether the seriousness of Miller's offense warranted a high speed chase;

ee. In failing to consider and assess the risk of harm to others in continuing the pursuit; and

ff. In such other particulars as may be shown through discovery in this matter.

78.     As a direct and proximate result of Defendant's acts and/or omissions, Joann Butler sustained serious bodily injuries which resulted in conscious pain and suffering and severe injuries.

79.     The aforesaid injuries of the Plaintiff would not have occurred but for the Defendants' gross negligence.

80.     As a further direct and proximate result of the negligence, gross negligence, and liability producing conduct of the Defendants, the Plaintiff has been subjected to pain and suffering and economic losses.

81.     As a further direct and proximate result of the gross negligence and liability producing conduct of the Defendants, the Plaintiff has undergone great pain and mental anguish and she will continue to endure same for an indefinite time in the future.

### FOR A FOUTH CAUSE OF ACTION - NEGLIGENCE PER SE AS TO DEFENDANT DARIUSZ AMBROZIAK

82.     The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-81.

83.     Each of the acts and/or omissions and/or commissions of Defendant Ambroziak constitutes negligence per se.

84.     Such conduct was in violation of legislative statutes enacted for the protection members of the public while engaged in the operation of their vehicles on the public roadway.

85.     During the pursuit of Miller, Defendant Ambroziak's actions were in violation of South Carolina Code of Laws, §56-5-760(B)(3) and (D), 1976, as amended, including but not limited to the following:

   a. In endangering life and property while exceeding the maximum speed limit when in pursuit of an actual or suspected violator of the law; and

   b. In failing to drive with due regard for the safety of all persons.

86.     But for these statutory violations, which equate to negligence per se, the Plaintiff, Joann Butler, would not have been involved in the collision and would not have sustained serious physical injury.

87.     As a direct and proximate result of the statutory violations of Defendant Ambroziak, Miller continued to evade police and slammed into the Plaintiff's vehicle, resulting in serious physical injury.

## FOR A FIFTH CAUSE OF ACTION - PUBLIC DUTY RULE: SPECIAL DUTY RULE CREATED BY STATUTE AND SPECIAL CIRCUMSTANCE

88. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-87.

89. South Carolina Code of Laws §56-5-760 and §56-5-4970 were created to provide regulations on the operation of authorized emergency vehicles.

90. The Defendant, in his pursuit of Miller, violated §56-5-760(B)(3) in exceeding the maximum speed limit while in pursuit of a suspected violator of the law, endangering life and property.

91. The Defendant, in his pursuit of Miller, violated §56-5-4970 in failing to appropriately use the siren on an authorized emergency vehicle.

92. The Defendant, in his pursuit of Miller, violated §56-5-4970 in failing to warn other drivers of the approach of the suspected violator of the law's vehicle and the authorized emergency vehicle.

93. The Defendant undertook these acts and committed these omissions after witnessing Miller use excessive speed and disregard two previous stop signs as they approached the intersection where Joann Butler was lawfully in the roadway, endangering the life and property of Joann Butler.

94. The Plaintiff, by and through the statutory violations by the Defendants and the complete disregard of the endangerment caused by continuing the chase and pursuit after Miller clearly had shown he was willing to operate his vehicle in a reckless manner and disregard traffic signs, has established the Defendant's decision to continue his pursuit under the circumstances then and there existing and has established that a special duty was created and owed to Joann Butler.

95. The Plaintiff has established the creation of the special duty owed by the Defendant to the Plaintiff, based on the special circumstances existing and the violations of statutes by showing:

   a. An essential purpose of the statute is to protect against a particular kind of harm;

   b. The statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not to cause the harm;

   c. The class of persons the statute intends to protect is identifiable before the fact;

   d. The plaintiff is a person within the protected class;

  e. The public officer knows or has reason to know of the likelihood of harm to members of the class if he fails to do his duty; and

  f. The officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

96. But for these statutory violations, which are constitute negligence per se, the Plaintiff would not have been involved in the collision and would not have sustained serious physical injury.

97. As a direct and proximate result of the statutory violations of Defendant Ambroziak, Miller continued to evade police and slammed into the Plaintiff's vehicle, resulting in serious physical injury.

### FOR A SIXTH CAUSE OF ACTION - STRICT LIABILTIY

98. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-97.

99. At said time and place, each Defendant was strictly liable to Joann Butler with regard to their failures to perform the duties each Defendant was charged with and based on the statutory violations and gross negligence in the performance or lack of performance of those duties.

100. As a result of the reckless, negligent, and grossly negligent acts and omissions, Joann Butler suffered severe injuries.

101. The acts of Miller and the injury of Joann Butler were foreseeable by the Defendants based on their knowledge of Miller's dangerous propensities and despite that knowledge, the Defendants continued the pursuit, resulting in the Plaintiff's injuries.

102. The Plaintiff's injuries would not have occurred but for the Defendants' dangerous, reckless, and grossly negligent acts and complete failure to perform the duties for which they were strictly liable to perform.

103. Each Defendant breached their strict liability and special duty of care to Joann Butler by the following negligent, grossly negligent, reckless, wanton and willful misconduct, acts and omissions:

  a. In failing to properly train its employees in police pursuit;

  b. In failing to properly supervise its employees during police pursuits;

  c. In failing to have proper policies and procedures in place governing police pursuits;

d. In failing to implement and/or follow accepted and appropriate policies and procedures for the operation of department vehicles;

e. In failing to implement and/or follow accepted and appropriate policies and procedures for high speed vehicle pursuits;

f. In instituting a high speed chase without appropriate justification;

g. In continuing a high speed chase without appropriate justification;

h. In failing to terminate the high speed pursuit when it became apparent that the pursuit created an unreasonable risk of harm to Joann Butler, as well as others using the public roadways;

i. In failing to have appropriate guidelines, rules, and regulations governing the pursuit of suspects which would have prevented the high speed pursuit of the suspect under the circumstances then and there existing;

j. In failing to follow appropriate and reasonable procedures for the continuation of the pursuit of a suspect;

k. In failing to act as reasonably prudent agents/officers would have acted in the same or similar circumstances;

l. In failing to clear the intersection;

m. In failing to maintain a lookout for other motorists;

n. In failing to make proper observations for others while using the public roadways during an unreasonable and dangerous police pursuit;

o. In completely failing to perform their duty of care owed to Joann Butler, resulting in unreasonable risk of harm to Joann Butler;

p. In grossly neglecting to performing the duty of care owed to Joann Butler, resulting in unreasonable risk of injury to Joann Butler;

q. In exercising their duty of care and responsibilities owed to Joann Butler in a grossly negligent manner;

r. In the grossly negligent hiring of employees that would not fulfill their duty of care owed to Joann Butler;

s. In the grossly negligent supervising of employees that failed to fulfill their duty of care owed to Joann Butler;

t. In the grossly negligent retention of employees that failed to fulfill their duty of care owed to Joann Butler;

u. In the grossly negligent entrusting of inadequate employees with the obligation and duty of care owed to Joann Butler;

v. In negligently training employees that failed to fulfill their duty of care owed to Joann Butler;

w. In failing to observe the standard of care required by law;

x. In failing to observe the general standards of conduct practiced by other comparable and similar municipal agencies;

y. In creating a risk of harm to Joann Butler;

z. In the absence of care according to the circumstances of this matter;

aa. In exceeding the maximum speed limit, endangering life and property while in the pursuit of a suspected violator of the law, in violation of the Code of Laws of South Carolina §56-5-760(B)(3), 1976, as amended;

bb. In failing to appropriately use the siren on authorized emergency vehicles, in violation of the Code of Laws of South Carolina §56-5-4970, 1976, as amended;

cc. In failing to warn other drivers of the approach of the suspected violator of the law's vehicle and the authorized emergency vehicle, in violation of the Code of Laws of South Carolina §56-5-4970, 1976, as amended;

dd. In failing to consider whether the seriousness of Miller's offense warranted a high speed chase;

ee. In failing to consider and assess the risk of harm to others in continuing the pursuit; and

ff. In such other particulars as may be shown through discovery in this matter.

104. As a direct and proximate result of the Defendants' failure to perform the duties for which they were strictly liable to perform, Joann Butler suffered serious physical injury, including conscious pain and suffering.

## PRAYER FOR RELIEF

105. As a direct and sole consequence of the aforesaid injuries to the Plaintiff, she suffered great physical and emotional trauma, mental shock, conscious pain and suffering, and fear of impending death. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the emotional pain and suffering will continue to impair the Plaintiff.

106. By reason of the foregoing, the Plaintiff has been damaged in such an amount as the trier of fact may find.

107. As a result of the actions of the Defendants alleged above, Joann Butler suffered conscious physical and emotional pain and suffering, mental anguish, and fear of death, for which Plaintiff seeks the relief as authorized by law; Plaintiff seeks relief as permitted by law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

a) a compensatory damage award;

b) reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

c) reasonable medical expenses;

d) damages for physical pain and suffering;

e) damages for emotional trauma and fear of impending death;

f) punitive damages; and

g) such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. § 1983.

s/Emily H. Tong  
Emily H. Tong, Esquire  
Federal ID: 12177  
Attorney for the Plaintiff  
8086 Rivers Avenue, Suite A  
North Charleston, SC  29406  
(843) 553-9800  
ehtong@wiggerlawfirm.com

North Charleston, South Carolina  
This 19th day of June, 2019