IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joann Butler, | ) |
| | ) C/A No. 2:19-1757-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| City of Goose Creek; Goose Creek Police Department; Mayor Gregory Habib, individually and in his official capacity; Chief Harvey Becker, individually and in his official capacity as Chief of Goose Creek Police Department; Officer Dariusz Ambroziak, individually and in his official capacity as an officer for Goose Creek Police Department; Berkeley County, | ) ) ) ) ) **ORDER AND OPINION** ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Joann Butler filed a complaint on June 20, 2019 against Defendants City of Goose Creek, Goose Creek Police Department, Mayor Gregory Habib, Chief Harvey Becker, Officer Dariusz Ambroziak (the "City Defendants"); and Berkeley County, South Carolina, alleging that Defendant Ambroziak was engaged in a high speed chase of another individual and subsequently caused a collision in which she was injured. Plaintiff asserts causes of action (1) against Defendants Habib and Becker pursuant to 42 U.S.C. § 1983 for violation of her constitutional rights (First Cause of Action); (2) against Defendants City of Goose Creek, Goose Creek Police Department, and Berkeley County pursuant to 42 U.S.C. § 1983 for violation of her constitutional rights (Second Cause of Action); (3) against all Defendants for negligence pursuant to the South Carolina Tort Claims Act (Third Cause of Action); (4) against Defendant Ambroziak for negligence per se and for violation of the public duty rule (Fourth and Fifth Causes of Action); and (5) against all Defendants

for strict liability (Sixth Cause of Action). Plaintiff seeks compensatory and punitive damages.

This matter is before the court on City Defendants' motion to dismiss, which motion was filed on July 24, 2019. As to Plaintiff's federal claims, City Defendants assert that (1) the complaint is devoid of facts supporting Plaintiff's claims under 42 U.S.C. § 1983; (2) Defendant Goose Creek Police Department is not amenable to suit under 42 U.S.C. § 1983; (3) Plaintiff's claims against Defendants Ambroziak, Habib, and Becker are barred by the doctrines of sovereign immunity and qualified immunity; and (4) Plaintiff cannot show that Defendants Habib and Becker are liable under a theory of respondeat superior or supervisor liability.

As to Plaintiff's state law claims, City Defendants contend that such claims must be dismissed against the individual Defendants. City Defendants note that under the South Carolina Tort Claims Act, Defendant City of Goose Creek is the proper entity responsible for responding to Plaintiff's state court claims. See S.C. Code Ann. § 15-78-70 (action to be brought against the agency or political subdivision for which the employee was acting).

On August 8, 2019, Plaintiff filed a response to City Defendants' motion to dismiss. Plaintiff concedes that her First and Second Causes of Action should be dismissed. Accordingly, City Defendants' motion to dismiss is **granted** as to the First and Second Causes of Action.[1]

Plaintiff did not respond in opposition to City Defendants' arguments regarding her state law claims. The court agrees with City Defendants that Plaintiff's exclusive remedy for her Third, Fourth, Fifth, and Sixth Causes of Action arise under the South Carolina Tort Claims Act, and that

---

[1] The court notes that Plaintiff concedes the Second Cause of Action should be dismissed in its entirety, including Defendant Berkeley County.

the individual Defendants should be dismissed.[2]

Pursuant to 28 U.S.C. § 1367(c), the court may decline to exercise supplemental jurisdiction over the state law claims if the court has dismissed all claims over which it has original jurisdiction. The § 1983 claims having been dismissed and the motion to dismiss having been disposed of, the court dismisses the complaint pursuant to § 1367(c). In accordance with § 1367(d), the period of limitations for Plaintiff's state law claims shall be tolled while the claims were pending and for a period of thirty days after they are dismissed, unless state law provides for a longer tolling period.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

August 21, 2019

---

[2] Defendant City of Goose Creek filed an answer to the complaint on July 15, 2019. Defendant Berkeley County filed an answer on July 18, 2019. Both invoke the protections of the South Carolina Tort Claims Act.